ALD-136                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1050
_____

IN RE:  KIRK A. SIMMONS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Crim. No. 1-13-cr-00097-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 5, 2020
Before:  MCKEE, SHWARTZ and PHIPPS, Circuit Judges

(Opinion filed: April 27, 2020)
_____

OPINION[*]
_____

PER CURIAM

　　　Kirk A. Simmons petitions for a writ of mandamus directing the District Court to

rule on motions that he has filed in his criminal action.  We will deny the petition.

In 2014, Simmons pleaded guilty to attempted enticement and coercion of a minor in

violation of 18 U.S.C. § 2422(b).  The District Court sentenced him to 120 months of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

imprisonment. Simmons did not appeal, but he filed a motion to vacate his sentence under 28 U.S.C. § 2255. The District Court denied that motion, and we denied Simmons's request for a certificate of appealability at C.A. No. 17-1414. Simmons later filed with this Court an application under 28 U.S.C. §§ 2244 and 2255 for authorization to file another § 2255 motion. He claimed that an exhibit that the Government submitted with its § 2255 response ("Exhibit 4"), which the Government also had used at sentencing, revealed fraud on the District Court. We denied Simmons's application at C.A. No. 18-2904.

At issue here are four other motions that Simmons filed with the District Court. First, about two months before he filed his § 2244 application with this Court, he filed with the District Court a motion for a "bill of particulars" seeking a determination whether the Government had produced Exhibit 4 to his counsel during discovery. (ECF No. 104.) Second, a little over a month after we denied Simmons's § 2244 application, he filed with the District Court a motion for relief from his § 2255 judgment under Fed. R. Civ. P. 60(b). (ECF No. 107.) As he had in his § 2244 application, Simmons alleged that Exhibit 4 revealed that the Government had committed fraud on the District Court. Third, Simmons filed a motion to correct a typographical error in his judgment relating to his statute of conviction. (ECF No. 110.) Finally, on October 23, 2019, Simmons filed a motion for a status report or hearing regarding his Rule 60(b) motion. (ECF No. 111.) Simmons now has filed with this Court a mandamus petition seeking an order directing the District Court to rule on these motions. After Simmons filed his petition, however, the District Court granted the third of these motions and corrected Simmons's judgment

2

to reflect the correct statute of conviction. (ECF No. 115.) Thus, Simmons's petition is moot to that extent.

As for Simmons's other motions, the first and second of those motions have been pending since June and October 2018, respectively. Delays of that length ordinarily might be cause for concern. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Under the circumstances, however, we cannot say that the District Court has exhibited a failure to exercise jurisdiction that warrants the extraordinary remedy of mandamus. See id. Simmons filed his motion for a status report in October 2019 and, since then, the District Court has ruled on his motion to correct his judgment. Thus, it appears that this matter has the District Court's attention, and we are confident that the District Court will rule on Simmons's remaining motions promptly and in due course.

For these reasons, we will deny Simmons's mandamus petition. Our ruling is without prejudice to Simmons's ability to file another mandamus petition if the District Court does not rule on his pending motions with a reasonable time from this decision.